Barnold Shoes, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Ray Cunningham, J. Edwards and Company, Barnold Bartschi and The Bartschi Foundation, Appellees.

Argued April 5, 1973 before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer and Blatt. Judge Rogers did not participate.

*Henry F. Furman*, with him *John F. McElvenny* and *Clifford V. Long*, for appellants.

*Louis J. DiGiacomo,* for claimant, appellee.

*David J. Griffith,* for employer, appellees.

OPINION BY JUDGE KRAMER, July 31, 1973:

This is an appeal from an order of the Pennsylvania Workmen's Compensation Appeal Board dated October 26, 1972, awarding workmen's compensation to Ray Cunningham (Cunningham) for total disability against Barnold Shoes, Inc., thereby dismissing its appeal. The appeals of J. Edwards and Company, the Bartschi Foundation and Barnold Bartschi were sustained in said order.[1] Cunningham's claim arose out of an automobile accident occurring on May 24, 1967 at about two o'clock p.m. while Cunningham was traveling from his home to an office of a development known as Swiss Pine, in Chester County, which is owned and operated by The Bartschi Foundation. The referee found that Cunningham was injured in the course of his employment on the business of his employer.[2] The referee also found that Cunningham was employed by all of the employers involved and "that their activities and interests are so interrelated and intertwined that claimant's endeavors furthered the business of each. . . ." The Board vacated the findings and conclusions of the referee as to who employed Cunningham and concluded that he was employed solely by Barnold Shoes, Inc. Although Barnold Shoes, Inc. initially filed exceptions to the findings and conclusions of the Board that Cunningham was acting within the course of his employ-

---

[1] Cunningham originally initiated two separate claims for compensation. After delving into the procedural aspects before the Board, it is apparent that the Board and the various companies involved have considered and treated this matter as one case. Therefore, this Court shall continue to do so.

[2] It was stipulated, on the record, that Cunningham's disability was limited to 52 weeks.

ment by Barnold Shoes, Inc., this issue was later dropped by Barnold Shoes, Inc., as set forth in its reply to a motion to quash, which motion was later denied by the President Judge of this Court.

The sole remaining question presented to this Court is the propriety of the Board's finding and conclusion that Cunningham was in the employ solely of Barnold Shoes, Inc., when he suffered his injuries. The facts of this case are complicated by the fact that Barnold Bartschi is the sole owner and operator of six or seven corporations which are so interrelated and intertwined that it is difficult to determine for which of the many corporations Cunningham was working at any given moment. The record clearly shows that Cunningham was a long-time employee of several of Barnold Bartschi's corporations, and that his work was under the personal direction of Barnold Bartschi. At the time of the accident, Cunningham was on the payroll of Barnold Shoes, Inc., but this factor alone is not controlling.

It is the contention of Barnold Shoes, Inc. (actually its insurance carrier) that Cunningham was acting for one or more of the other Bartschi-owned corporations, and that he was controlled by Barnold Bartschi personally at the time of the accident. Arguably, there is evidence in the record to support this contention; however, it is not for this Court to make a de novo determination as to the credibility to be given the evidence.

In a case where the claimant has prevailed before the Board, our scope of review is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. See *Arnold Coal & Supply Co., Inc. v. Markle*, 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Nash v. Sandnes' Sons, Inc.*, 6 Pa. Commonwealth Ct. 403, 295

A. 2d 615 (1972). In the past, this Court has consistently held that the credibility and weight to be given evidence are questions for the Board. A concomitant axiom was that the Board could disregard the findings of the referee, and if the Board's findings were supported by substantial evidence, then this Court, absent an error of law, would affirm the Board.

Recently, however, this Court in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973) held that there has been a change in the Board's scope of review. Acts 12 and 61 of 1972 have changed the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq. As we pointed out in *Universal Cyclops, supra,* the referees are no longer agents of the Board. Furthermore, when the Board does not take additional evidence, it is not permitted to disregard the findings of the referee unless they are not supported by competent evidence. The question of credibility, rather than competency, is only before the Board when it takes additional evidence or testimony. The Board may, of course, still consider whether any of the referee's conclusions constitutes an error of law.

In the case at bar, the Board took no additional evidence or testimony. Hence, the Board's function was to ascertain whether the referee's findings were supported by competent evidence and whether any of his conclusions amounted to an error of law. We have reviewed the record, including the referee's findings, and have concluded that the findings were supported by competent evidence. Therefore, it was improper for the Board to disregard the referee's findings pertaining to Cunningham's employer. In substituting its findings for those of the referee, the Board committed an error of law.

We recognize that the question before us (i.e., the determination of Cunningham's employer) is ultimately one of law based upon the findings of fact. We also acknowledge that it is clearly within the Board's scope of review to correct errors of law. However, in a case such as this, when the Board has taken no additional evidence and the referee's findings are supported by competent evidence, the legal conclusions must be reviewed with respect to the referee's findings of fact. Based on the referee's findings of fact, we conclude that the referee's conclusion was correct and the Board erred when it concluded that Barnold Shoes, Inc., was the sole employer. As a result, we are compelled to reverse the Board and in essence affirm the findings and conclusions of the referee.

We therefore

### ORDER

AND Now, this 31st day of July, 1973, it is hereby ordered that judgment be entered in favor of Ray Cunningham and against J. Edwards and Company, and Barnold Shoes, Inc., and/or their insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, and The Bartschi Foundation, and Barnold Bartschi, and/or their insurance carrier, Employers Liability Assurance Corporation, for compensation for total disability at the rate of $46.67 per week beginning May 24, 1967 and to continue for a period of 52 weeks, including legal interest on deferred installments, and all statutory medical expenses as set forth in Referee's Finding of Fact No. 9, totalling $2,321.52; fifty percent to be paid by each insurance carrier, credit to be given Pennsylvania Manufacturers' Association Insurance Company for compensation paid to claimant at the rate of $42.67 per week for eight weeks, a total of $341.36, all within the terms and limits of the Pennsylvania Workmen's Compensation Act.