James T. Maston, Appellant, *v.* Union Mining Company and Employers Mutual Liability Insurance Co., Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued May 11, 1973, before Judges Crumlish, Jr., Wilkinson, Jr., and Rogers, sitting as a panel of three.

*William C. Stillwagon*, for appellant.

*Daniel E. Long, Jr.*, for appellees.

Opinion by Judge Crumlish, Jr., August 7, 1973:

The genesis of this controversy was a claim petition filed on April 27, 1970, by Appellant, James T. Maston, alleging that he had suffered a fall with resultant injuries on the company premises of the Union Mining

Company. Maston indicated that while leaving work on April 7, 1969 and while en route to the showers, he was walking down a ramp, slipped, fell and hit his head on the concrete ramp. The claim petition was subsequently amended, without objection, to show the date of injury as being April 11, 1969. Claimant, after several examinations by a doctor, was referred to a specialist who performed a left temporal parietal craniectomy and removed a massive chronic subdural hematoma in August of 1969. Another similar operation was performed in September and eventually, in March of 1970, a tantalum plate was inserted in his head.

At the hearings before the Referee, there was conflicting testimony as to the date of the accident, whether proper notice was given to the Employer, and the extent of Claimant's disability. The Referee, on the basis of testimony and other evidence adduced at the hearings, concluded that Claimant had met his burden of proving an accident and notice to the employer and determined that Claimant was totally disabled from April 12, 1969 and continues to be totally disabled. The Workmen's Compensation Appeal Board, without taking additional testimony, reversed the Referee and disallowed compensation benefits.[1] We must reverse the decision of the Board and affirm the decision of the Referee.

The scope of review before the Board dictates this result. In *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), this Court considered the effects of Acts 12 and 61 of 1972 which amended §423 of the Workmen's Compensation Act, 77 P.S. §854. We there held

---

[1] The appeal was taken on July 14, 1972 and so postdated the effective dates of Acts 12 and 61 of 1972 which amended the Workmen's Compensation Act. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

that a referee is no longer an agent of the Board and that, unless the Board chooses to hear new evidence in this situation, the Referee and not the Board is the ultimate fact finder. Not having taken additional evidence, the Board, under the mandate of Act 61, is to consider only the competence of the evidence presented to the Referee while the Referee considers the credibility of the evidence presented. The Board may also consider whether any conclusion reached by the Referee constitutes an error of law. Thus, where the Board has taken no additional evidence, this Court must rely on the facts as found by the Referee if they are supported by sufficient competent evidence. *Palmer v. City of Pittsburgh*, 9 Pa. Commonwealth Ct. 526, 308 A. 2d 179 (1973); *Barnold Shoes, Inc. v. Cunningham*, 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973).

The Board, in its opinion, states that there is not sufficient competent evidence in the record to support an award. On its face, this statement shows that the Board was considering the case under the proper scope of review. Scrutiny of the record, however, and of other determinations of the Board clearly shows that the Board was considering credibility rather than competency. The Appellee, recognizing that the Board has resolved the issue on the basis of credibility, directs the main thrust of its argument in support of the Board's action. This was clear error in light of the 1972 amendments.

A review of the record leads us to conclude that the Referee's findings were supported by competent evidence. On the issue of accident, much is made of the fact that Claimant initially put the date of the occurrence as April 7, 1969, at a time when records show he was not in work. It is clear, however, as both the Referee and the Board realized, that "claimant's mind was in a state of confusion because of two brain opera-

tions" when he submitted the claim petition. (The testimony shows that Claimant's motor movement and speech faculties are still impaired.) The claim petition was subsequently amended, without objection, to place the date of the occurrence on April 11, 1969. Throughout the hearings, although his testimony varied as to the exact date, the Claimant maintained that the incident had occurred at the end of the work week, which would place the incident on April 11. Furthermore, the testimony of both his son-in-law, who had picked him up on April 11 and to whom the Claimant related the event, and of his wife corroborated the contention that the incident had occurred on April 11. The Claimant also testified that he had reported the incident, on the same day it occurred, to his supervisor.

The employer relied on the fact that the Claimant initially indicated that the incident occurred on April 7, and presented the supervisor who testified that the incident had not been reported to him.

There was no question of the competence of the foregoing evidence, but there was a question as to the credibility and the resolution of conflicting testimony. The Referee, exercising his proper function, resolved these issues in favor of the Claimant.

On the issue of disability, a medical expert testified that the subdural hematoma was the result of the fall and that in his opinion, Claimant was totally disabled. The employer offered no contradictory testimony. Once again, the resolution of this issue was for the Referee who found for the Claimant. Since that finding was based on competent evidence, it will not be disturbed here. Accordingly, we issue the following

### ORDER

AND NOW, this 7th day of August, 1973, the Order of the Workmen's Compensation Appeal Board is here-

by reversed and the Order of the Referee is affirmed; judgment is entered for James T. Maston against Union Mining Company and Union Mining Company is hereby directed to pay to the Claimant, James T. Maston, compensation at the rate of $60.00 per week commencing April 12, 1969 and continuing thereafter within the terms of the Workmen's Compensation Act; Union Mining is further directed to pay medical and hospital bills in the sum of $10,130.03 as found by the Referee in Finding of Fact No. 5.