Forrest Hollen, t/a Pennzoil, Appellant, *v.* Workmen's Compensation Appeal Board and John Dospoy, Appellees.

Argued March 8, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Edward F. Peduzzi*, with him *Myers, Taylor & Peduzzi*, for appellant.

*Francis J. Leahey, Jr.*, with him *Englehart, Creany, Englehart & Leahey*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 21, 1974:

On May 14, 1971, John Dospoy (Claimant) suffered severe facial, leg and hand burns when a hot-water furnace exploded in the basement of a service station operated by Forrest Hollen (t/a Pennzoil, hereinafter "Hollen"). The issues for our decision are 1) whether claimant was an employe of Hollen at the time of his injuries, and 2) whether the injuries were the product of an accident[1] sustained by Claimant in the course of his employment, thus entitling him to compensation under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, 77 P.S. §§1 et seq.

The Referee and the Workmen's Compensation Appeal Board answered both questions affirmatively. Al-

---

[1] As the injury to Claimant occurred before the effective date of 1972 Amendments to the Workmen's Compensation Act, Act of March 29, 1972, P.L.    , No. 61, Claimant was required to prove the occurrence of an "accident" within the meaning of Section 301(c), 77 P.S. §411. The Board, however, decided his appeal after May 1, 1972, and thus was bound by the findings of fact made by the Referee which are supported by competent evidence.

though the testimony of Claimant and Hollen is contradictory relative to Claimant's employment status at the time of his injury, the Referee chose to believe Claimant; and our development of the factual background of the case is necessarily based upon the extensive findings of fact made by the Referee, which we find amply supported by competent evidence. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A.2d 189 (1973); *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The record reveals that Claimant, then age 16,[2] began doing small jobs without pay around Hollen's service station in the Fall of 1970. Approximately four or five months before his accident, Claimant was in fact hired by Hollen at a salary of $1.00 per hour for part-time employment after school and on weekends. The Referee found that Hollen supervised Claimant's work, maintained independent time records, and paid Claimant on a two-week basis. Hollen, however, did not deduct federal income taxes or social security from Claimant's salary, or otherwise list Claimant as an employee for tax purposes.

On the day of the accident, May 14, 1971, Claimant worked five or six hours, and arrived home around 11:00 P.M. The Referee further found that Hollen called Claimant at home that night and asked Claimant and an older brother (whom Hollen admits was an employee) to accompany him to the station to verify the volume of gas pumped that day. Claimant and his brother were picked up by Hollen and arrived at the station at approximately 11:30 P.M. Upon entering the station they noticed that the radiators were overheat-

---

[2] See Section 320, as amended, 77 P.S. §672, which provides for additional compensation in the event that a claimant is an illegally employed minor at the time of the accident.

ing, and Hollen suggested that they check the furnace in the basement. As Claimant was about to open the furnace door, it exploded in his face, showering him with flames and debris. The burns suffered by Claimant in the explosion have stabilized into thick, hypertrophic scarring of the face and extremities causing a speech impediment and permanent disfigurement.

Given this state of the record, we can only conclude that Claimant was an employe and within the course of his employment when he was injured in the above accident. Although a determination of employment relationship and course of employment are ultimately questions of law, each is necessarily based on the facts as found by the Referee. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board, supra.* As defined by Section 104 of the Act, 77 P.S. §22, as "employe" is synonymous with servant and includes "[a]ll natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in nature and not in the regular course of the business of the employer. . . ." The rules for determining an employer-employe relationship under this definition are the same as the common law rules of ascertaining a master-servant relationship. *Herman v. Kandrat Coal Co.,* 205 Pa. Superior Ct. 117, 208 A.2d 51 (1965). Although this relationship must be developed from the peculiar facts of each case and no one factor is determinative of the issue, certain indicia stand out and are evident here: 1) the payment of remuneration for services rendered on a regular basis, *Eggelton v. Leete,* 186 Pa. Superior Ct. 542, 142 A.2d 777 (1958); and more importantly 2) the right to control the terms and manner of performance of the work done by a claimant. *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A.2d 304 (1973); *J. Miller v. Mixter,* 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971). The fact that Hollen did not consider

Claimant an employe or deduct income taxes or social security from his salary is not determinative of claimant's status. *Rodgers v. P-G Publishing Co.,* 194 Pa. Superior Ct. 207, 166 A.2d 544 (1960).

Hollen argues, however, that even if Claimant was an employe at the time of his accident, he has not proved that the repair of the furnace was in the regular course of his employment. This contention, however, does not focus on the actions of Claimant and his employer which are relevant to our inquiry. Section 301(c) of the Act, 77 P.S. §411 then provided in pertinent part: "The term 'injury by an accident in the course of his employment' . . . shall include all injuries caused by the *condition of the premises* or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer . . . *the employe's presence thereon being required by the nature of his employment.''* (Emphasis supplied).

Unlike other jurisdictions, the law in Pennsylvania does not require that "the accident arise directly out of the claimant's employment, and it is 'not necessary to entitle a claimant to compensation that the injury be sustained while the employe is actually engaged in the work he was hired to do. . . .' Wolsko v. American Bridge Company, 158 Pa. Superior Ct. 339, 345, 44 A.2d 873, 875-876 (1945). See Keim v. Burkholder, 182 Pa. Superior Ct. 460, 127 A.2d 752 (1956). The activity engaged in, however, must be in furtherance of the employer's business and required by the nature of the Claimant's employment." *Universal Cyclops Steel Corporation v. Krawczynski, supra,* 9 Pa. Commonwealth Ct. at 187, 305 A.2d 763. Given the fact that Claimant's presence on his employer's premises at the time of his injury was *specifically requested* by Hollen, and he was there to perform a task ordinarily performed

by him—the verification of the volume of gas pumped that day—we can only conclude that presence was "required by the nature of his employment."

We therefore enter the following

## ORDER

Now, this 21st day of June, 1974, judgment is entered in favor of John Dospoy and against Forrest Hollen, t/a Pennzoil, and compensation is granted to John Dospoy at the rate of $22.50 per week for 125 weeks commencing May 21, 1971, and, in addition, $11.25 per week for the same period as a penalty to be paid by Forrest Hollen, for the illegal employment of the minor Claimant, together with legal interest for compensation benefits withheld or not paid. Forrest Hollen is further directed to pay William P. Gibbons, M.D. $205.00, Miners Hospital of North Cambria $2,443.58; Presbyterian University Hospital $188.37, and the Department of Public Welfare $11,730.78, all of which benefits and payments shall be made under the provisions of the Workmen's Compensation Act. The appeal of Forrest Hollen is dismissed.