Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Albert Seppi, t/a Joseph Seppi & Son and Gulf Insurance Co., Insurance Carrier, *v.* Mario Piccolino, Appellant.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*John F. Will, Jr.,* with him *Will & Keisling,* for appellant.

*Theodore E. Breault,* with him *Egler and Reinstadtler,* for appellee.

OPINION BY JUDGE KRAMER, July 18, 1975:

This is an appeal by Mario Piccolino (Piccolino), a minor, from an order of the Workmen's Compensation Appeal Board (Board), dated November 7, 1974, which reversed a referee's award of benefits to Piccolino.

The sole issue in this appeal is whether Piccolino was an "employe" under section 104 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §22 (Supp. 1974-1975). The relevant statutory provision reads as follows:

> "The term 'employe,' as used in this act is declared to be synonymous with servant and includes—
>
> "All natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer. . . ."

The referee's findings of fact were accepted by the Board, which reversed only as to the legal conclusion drawn from those findings. This appeal does not encompass any challenge regarding the evidentiary support of the referee's findings and, therefore, our review is only to determine if there was an error of law. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973). The parties disagree on the question of whether the referee's findings, and the evidence which supports them, warrant a conclusion that Piccolino was an "employe" of Joseph Seppi & Son (Seppi).

The findings upon which this case turns read, in relevant part:

"THIRD That Article III of the Workmen's Compensation Act, as amended, applies to the *contract of employment* existing between Mario Piccolino, a minor and Albert Seppi t/a Joseph Seppi & Son, on July 11, 1972. (Emphasis added.)

"FOURTH: That Mario Piccolino began to work for Joseph Seppi & Son in March of 1972 and continued to work on Saturdays during April, May and June.

"FIFTH: That Mario Piccolino after school was out in the middle of June, went on a vacation with his parents and then at the end of June began to work regularly until July 11, 1972 for defendant.

"SIXTH: That while Mario Piccolino was employed by defendant, he was under the direction and control of defendant's agents.

"SEVENTH: That Mario Piccolino was told by Albert Seppi what to do on the job and how to do it.

"EIGHTH: That Mario Piccolino on July 11, 1972 worked at 4211 Winterburn Street the entire day having been driven there in the defendant's truck.

"NINTH: That on July 11, 1972 Mario Piccolino was engaged in leveling dirt.

"TENTH: That Mario Piccolino at 5:30 p.m. on July 11, 1972, was gathering tools and carrying them to the defendant's truck when he was struck by a motor vehicle [operated by a third party].

"ELEVENTH: That Mario Piccolino as a result of the injury lost his right leg, which was amputated by Dr. Ted K. Encke.

"TWELFTH: That Mario Piccolino was covered by the minimum wage law of Pennsylvania at the time of his injury and was working no less than eight hours a day."

The record indicates that, at the time of the events involved in this case, Piccolino was thirteen years of age; and, assuming that the issue of employment is resolved against Seppi, Piccolino was employed and paid in violation of state minimum wage requirements and without "working papers." Again, assuming that Piccolino prevails on the question of employment, Seppi apparently concedes that Piccolino would be entitled to receive "additional compensation" as an illegally employed minor under section 320 of the Act, as amended, 77 P.S. §672 (Supp. 1974-1975). The referee so found, and his original award included a provision for such compensation.

Although no tax or social security deductions were taken out of Piccolino's pay by Seppi, the record is very clear that Piccolino did receive money regularly from Seppi. According to Piccolino, he received ten dollars in cash directly from Seppi for every three days of work. Seppi maintains that any money received was a mere gratuity, while Piccolino contends that it was payment for services. Seppi, in his brief, indicates that Piccolino worked a total of 22 days on various of Seppi's landscaping and gardening jobs. The record reveals that Piccolino was transported as far as Ohio[1] on one occasion in one of Seppi's vehicles. Piccolino's work involved

---

1. Seppi's business is based in Pittsburgh.

carrying bricks, leveling dirt, raking, filling bushel baskets with dirt, watering plants and lawns, picking up cuttings, and carrying tools.

There is considerable disagreement in the record as to many of the factual allegations made by Piccolino (*e.g.*, whether Seppi or its foremen actually gave instructions to Piccolino), but the record contains ample evidence to support all of the referee's findings of fact. The referee chose to believe the claimant's evidence, and the Board and this Court are bound by his findings. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). Further, we must be cognizant of any *necessary implications* of those findings in determining whether they support the legal conclusion which is at issue.

Section 104 of the Act adopts the common law concept of "servants" as part of the statutory definition of "employe." Under the common law, the central element in determining status as a servant is the power or right of the purported master to direct the physical activities of the servant for the master's benefit. *Hollen v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 209, 321 A. 2d 733 (1974) and *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A. 2d 304 (1973). The referee's sixth finding of fact, amply supported by the record, very explicitly states that Piccolino "was under the direction and control of defendant's agents," while the seventh finding states that "Piccolino was told by Albert Seppi what to do on the job and how to do it."

Turning again to section 104 of the Act, it is undisputed that Piccolino did, in fact, "perform services" for Seppi. Likewise, the fact that Piccolino received some money from Seppi is also undisputed. The referee's findings include reference to a "contract of employment existing between Mario Piccolino . . . and Albert Seppi. . . ." They further refer to Piccolino as having been "em-

ployed by" and working for Seppi. From all of this, we must imply that the money Piccolino received from Seppi was, in the eyes of the fact finder, a valuable consideration for services rendered.

The fact that Piccolino and Seppi may not have explicitly agreed upon a wage, and the fact that Piccolino's work arrangements may have been of an informal nature, in all probability only reflect Piccolino's tender years and lack of sophistication.[2] As a matter of law, these facts do not negate status as an "employe". Moreover, this Court has recognized the viability of *implied* contracts of employment in a case which presented a legal issue identical to that posed by the instant case. *Barr, supra.* Likewise, we have held that the fact that an *employer* did not consider a claimant an employe or deduct income taxes or social security contributions from wages is not determinative of a claimant's status. *Hollen, supra.*

Seppi contends that, at most, Piccolino was a "casual" employe under section 104 of the Act. This position has no merit. The record discloses that Piccolino worked as many as 22 days for Seppi, doing work which clearly assisted Seppi in pursuing his business. We fail to see how Piccolino can be considered a "casual" or "odd job" employe.

Accordingly, we

### ORDER

AND NOW, this 18th day of July, 1975, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed; and it is ordered that Joseph Seppi & Son, and/or its insurance carrier, Gulf Insurance Company, pay to Mario Piccolino compensation at the rate of $47.00 per week for the period beginning July 11, 1972 and ending December 1, 1972; and it

---

2. The record reveals that Piccolino and his family were recent immigrants from Italy and spoke very little English. At the hearing a translator was necessary to communicate with Piccolino.

is further ordered that Joseph Seppi & Son and/or its insurance carrier, Gulf Insurance Company, pay to Mario Piccolino, for a period of 410 weeks from December 2, 1972, compensation for the loss of a leg, in accordance with the provisions of section 306 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513 (Supp. 1974-1975); and it is further ordered that Joseph Seppi & Son and/or its insurance carrier, Gulf Insurance Company, pay the following medical expenses of Mario Piccolino:

1. Children's Hospital of Pittsburgh.... $ 208.00
2. Reimbursement to Blue Cross for monies paid to Children's Hospital of Pittsburgh .................. 8,658.15
3. Professional services of Harold H. Sankey, M.D. and Ted K. Encke, M.D. ......................... 375.00
4. Reimbursement to Blue Shield for monies paid to Harold H. Sankey, M.D. and Ted K. Encke, M.D. ..... 225.00
5. Union Artificial Limb and Brace Company ......................... 1,591.00
6. Homestead Hospital home care ..... 210.50

Total.... $11,267.65

It is further ordered that Joseph Seppi & Son pay to Mario Piccolino, as additional compensation, a sum equal to fifty percent (50%) of the compensation otherwise payable to Mario Piccolino under the provisions of this order, in accordance with the provisions of section 320 of the Act, *as amended,* 77 P.S. §672 (Supp. 1974-1975), such additional compensation to be paid by Joseph Seppi & Son and not by its insurance carrier.

Interest is to be payable, in accordance with the Act, on all deferred payments of compensation awarded by this order.