Grant Builders, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William David Burge, Respondents.

Argued November 3, 1977, before Judges CRUMLISH, JR., and BLATT, sitting as a panel of two.

*James R. Miller,* with him *Noble R. Zuschlag,* and *Dickie, McCamey & Chilcote,* for petitioner.

*J. Frank McKenna, III,* with him *William Rodgers, Jr.,* and *Thorp, Reed & Armstrong,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, February 16, 1978:

Grant Builders (Grant) appeals to us from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to William David Burge (Burge).

Burge sustained disabling injuries when he fell from the roof of a home on which he was installing shingles, and he filed a claim for workmen's compensation benefits. His claim stated that he was an employee of Grant at the time of the accident and, after a hearing, the referee determined that he was an employee for purposes of The Pennsylvania Workmen's Compensation Act[1] (Act) and that he was therefore entitled to benefits. On appeal, the Board affirmed the referee's decision, and Grant now appeals to this Court.

The sole issue before us involves the question of whether or not an employer-employee relationship existed between Grant and Burge so as to render him eligible for benefits pursuant to Sections 103-104 of the Act, 77 P.S. §§21-22, and we have held previously where the facts are undisputed, this question is one of law. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co.*, 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975).

Grant argues first that the referee's findings are not supported by substantial evidence, and second that the evidence establishes as a matter of law that Burge was an independent contractor rather than Grant's employee. Our scope of review, of course, is that defined in Section 44 of the Administrative Agency Law[2], 71 P.S. §1710.44, which limits this Court to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact are unsupported by substantial evidence.

Clearly, a claimant must sustain the burden of proving the existence of an employment relationship

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

if he is to qualify for compensation. *Barr v. B &B Camper Sales*, 7 Pa. Commonwealth Ct. 323, 300 A. 2d 304 (1973). And the guidelines for determining whether or not a claimant was functioning as an employee at the time of the accident are the same as those at common law for ascertaining whether or not a master-servant relationship existed. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co., supra.* Each case must be determined on its own facts, but there are certain factors which have been recognized as guidelines for making a determination:

> Control of [the] manner [in which] work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time.

*J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229 232, 277 A.2d 867, 869 (1971).

*See also Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc.*, 19 Pa. Commonwealth Ct. 25, 338 A.2d 766 (1975). Moreover, this Court has said many times that the most important factor in determining the existence of an employer-employee relationship is evidence of actual control or of the right to control the work to be done and the manner of its performance. *Workmen's Compensation Appeal Board v. Piccolino*, 20 Pa. Commonwealth Ct. 369, 341 A.2d 922 (1975).

The referee here made extensive findings, including the fact that the "[d]efendant had the right to control all the work performed by claimant." The referee's findings also establish that: (1) the parties had no written contract, (2) Burge was paid at a set rate established by Grant based on the number of "squares" which he repaired on a roof, (3) Grant purchased and delivered all materials used by Burge, (4) Burge was performing roofing repair work which is the regular business of Grant, (5) Burge never held himself out as a contractor for roofing repair, and (6) Grant had the right to assign Burge to another job or fire him at any time. Although Grant's president testified that he considered Burge to be an independent contractor and that he did not deduct income tax or social security from his pay, we believe that there was sufficient evidence in the record to support the referee's findings. The fact that an employer does not consider a claimant to be an employee or does not take deductions from his pay is not of itself determinative of that claimant's status for purposes of workmen's compensation. *Workmen's Compensation Appeal Board v. Piccolino, supra.*

We recognize that this is a very close case with some factors which would seem to indicate that Burge might have been an independent contractor. The referee's findings, however, are amply supported by the record, and they sufficiently buttress the conclusion, as a matter of law, that Burge was acting as Grant's employee at the time of his accident. We will, therefore, affirm the Board's decision granting him benefits.

### ORDER

AND Now, this 16th day of February, 1978, the order of the Workmen's Compensation Appeal Board

is hereby affirmed, and it is ordered that judgment be entered in favor of William David Burge and against Grant Builders for $5,747.25 for medical expenses and for compensation to be paid at the rate of $106.00 per week beginning June 18, 1974 and for an indefinite time into the future with interest to be assessed at the rate of ten per cent (10%) on all deferred payments of compensation.