Miller's Building & Remodeling, Lloyd Miller, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James H. Hancock, Respondents.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Gailey C. Keller,* with him *Smith, Eves & Keller,* for petitioner.

*Thomas J. Carylon,* for respondents.

OPINION BY JUDGE MENCER, May 17, 1979:

In this workmen's compensation case, the only question raised for our consideration is whether, at the time he suffered serious injuries, the claimant, James H. Hancock (Hancock), was an independent contractor or was an employee of Miller's Building & Remodeling or Lloyd Miller (Miller). A workmen's compensation referee made an award in favor of the claimant. An appeal was taken by Miller to the Workmen's Compensation Appeal Board which affirmed the award of the referee. This appeal followed and we affirm.

Hancock sustained the loss of his right eye when, on May 17, 1973, he suffered a work-related injury when a nail driven by another worker flew and struck the claimant in the right eye.

Miller contends that under the facts surrounding the relationship between him and Hancock there was no employer-employee relationship but rather that Hancock was working at the time of the tragic accident as an independent contractor.

Certainly, Hancock must sustain the burden of proving the existence of an employment relationship with Miller if he is to qualify for workmen's compensation. *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A.2d 304 (1973). The guidelines for determining whether or not a claimant was functioning as an employee at the time of the accident are the same as those at common law for ascertaining

whether or not a master-servant relationship existed. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co.*, 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975). Each case must be determined on its own facts, but there are certain factors which have been recognized as guidelines for making a determination:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time.

*J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 232, 277 A.2d 867, 869 (1971).

This Court has stated that the most important factor in determining the existence of an employer-employee relationship is evidence of actual control or of the right to control the work to be done and the manner of its performance. *Workmen's Compensation Appeal Board v. Piccolino*, 20 Pa. Commonwealth Ct. 369, 341 A.2d 922 (1975).

In the instant case, the referee made the following significant findings of fact:

> 7. On May 17, 1973 the claimant was hired by the defendant as an electrician to perform electrical work in a new home defendant was constructing. Defendant was a contractor whose normal and usual business was constructing new homes and remodeling work. There was no formal written contract between the claimant and defendant, other than an oral

agreement for the claimant to perform services on a time and material basis. Claimant was to be paid $4.50 per hour, the cost of the materials furnished, plus 15% over the costs of the materials as handling charges. The claimant kept a record of the hours he worked and presented the same to the defendant for payment. The claimant had no set or definite hours. The claimant furnished his own electrical tools. No deductions were taken out of claimant's pay.

8. The claimant at the direction of the defendant was required at times to help other employees of defendant, unload trucks, hold up sheetrock while being paid his regular agreed wages. Claimant was required by defendant to perform the work according to the zoning code. Claimant was also directed by the defendant to perform any changes or extra work that the customer desired and keep a record of the same. Claimant was assisted at times in performing the electrical services by other employees of the defendant. Claimant's son was hired by the defendant to assist claimant.

9. Claimant did not have the authority to hire anyone to assist him, but said authority was exclusively the defendants.

10. Defendant had the right and power to terminate claimant's employment at anytime, since the oral contract with the claimant was for time and material only.

11. Claimant's work to be done and manner of work was under the exclusive control and direction of the defendant, this fact was evident when the claimant was required to assist other employees on the job, and other employes of defendant assisting claimant, control by defendant over extra work, and hiring of other workers to assist claimant.

We believe that there is substantial evidence in the record to support the referee's findings. Although this is a close case with some factors which would indicate that Hancock may have been an independent contractor, we cannot conclude that the referee's findings of fact are not sufficient to support the conclusion, as a matter of law, that Hancock was acting as Miller's employee at the time of the accident. We will, therefore, affirm the Board's decision granting him benefits.

ORDER

AND Now, this 17th day of May, 1979, the appeal of Miller's Building & Remodeling and Lloyd Miller is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated June 6, 1978 is affirmed. Accordingly, it is ordered that judgment be entered in favor of James H. Hancock and against Miller's Building & Remodeling and Lloyd Miller, in the amount of $100 per week, beginning May 17, 1973 and continuing for a period of 285 weeks, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Miller's Building & Remodeling and Lloyd Miller are directed to pay any and all medical bills outstanding and on account of the injury to James H. Hancock which occurred on May 17, 1973, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Miller's Building & Remodeling and Lloyd Miller are further directed to pay approved attorney's fees of the lesser amount of 20 percent of the award or $5,000 directly to claimant's counsel, Thomas J. Carylon, Esquire, from the proceeds due James H. Hancock.

Judge WILKINSON, JR., dissents.