IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,  :
                   Appellant    :
                                :
       v.                       :   Nos. 1556 C.D. 2018 and 1557 C.D. 2018
                                :   ARGUED:  October 3, 2019
Keith Robert Laskovich          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                           FILED:  November 8, 2019


The Commonwealth of Pennsylvania appeals from an order entered on March 19, 2018 in the Court of Common Pleas of the Fifty-Ninth Judicial District, Elk County Branch (trial court).[1]  The trial court suppressed evidence in the form of a game camera seized without a warrant by a wildlife conservation officer of the Pennsylvania Game Commission, as well as photographic evidence subsequently removed from the camera pursuant to a search warrant.  After thorough review, we reverse.

## I. Background

In April 2016, wildlife conservation officer Jason M. Wagner (Wagner) was walking the state game lands in Elk County in the vicinity of a camp owned by Keith

---

[1] The Commonwealth appeals as of right from the trial court's interlocutory order, pursuant to Pa.R.A.P. 311(d).  *See Commonwealth v. Taper*, 253 A.2d 90 (Pa. 1969) (a pretrial suppression order is immediately appealable if it presents a pure question of law and the suppression will handicap the Commonwealth because it cannot present all available evidence).

Robert Laskovich (Laskovich). Wagner noticed hay scattered on the state game lands, five-gallon buckets fastened to the bases of trees, elk droppings and tracks, and a driveway motion sensor on Laskovich's driveway. Based on these indicators, Wagner believed someone might be illegally feeding elk. Laskovich was not present at that time. Wagner returned in May 2016, discussed his prior observations with Laskovich, and verbally warned Laskovich not to feed elk.

In January 2017, Wagner was driving with a deputy officer in the vicinity of Laskovich's camp. Wagner was able to see from his vehicle on a public road that several bull elk were feeding on something in the yard behind Laskovich's cabin. Wagner parked the vehicle and walked with the deputy officer through the state game lands to the back edge of Laskovich's property, which abuts the state game lands. From the state game lands, Wagner could see that the elk were feeding on several piles of corn that had been placed in Laskovich's yard. Wagner also noticed a game camera strapped to a tree with bungee cords. The game camera was pointed directly at the spot where the elk were feeding. The tree to which the game camera was attached had a white game lands boundary marker on it. The game camera had no name tag or other information identifying its owner.

Wagner seized the game camera. Because the camera also had a view of the back door of Laskovich's cabin, Wagner obtained a search warrant before removing the memory card from the game camera and viewing the images it contained.

Laskovich was charged with feeding elk. He moved to suppress Wagner's seizure of the game camera, as well as the photographic evidence obtained from the game camera. The trial court held a suppression hearing, at which the evidence included expert testimony from a surveyor that the tree containing the game lands

2

boundary marker was actually 2.62 feet inside Laskovich's property line. The trial court granted the suppression motion. This appeal by the Commonwealth followed.

## II. Issues

On appeal,[2] the Commonwealth argues Wagner's seizure of the game camera did not violate Laskovich's constitutional rights under either the United States Constitution[3] or the Pennsylvania Constitution.[4] The Commonwealth posits that although Laskovich may have had a privacy interest in the contents of the game camera's memory card (which interest was protected by obtaining a search warrant), he had no reasonable expectation of privacy in the camera itself. The

---

[2] Whether a criminal defendant had a reasonable expectation of privacy regarding seized property is a conclusion of law subject to plenary review. *Commonwealth v. Millner*, 888 A.2d 680 (Pa. 2005). A pretrial order finding a warrantless search or seizure was not justified by exigent circumstances likewise presents a question of law. *Commonwealth v. Hinkson*, 461 A.2d 616 (Pa. Super. 1983). Further, whether other evidence obtained by the use of illegally seized property must be suppressed raises constitutional issues and questions of law subject to plenary review. *Commonwealth v. Santiago*, 209 A.3d 912 (Pa. 2019). Here, the Commonwealth suggests the trial court committed legal error, or alternatively, abused its discretion regarding its factual findings. However, as previously noted, the appealability of the trial court's interlocutory suppression order is dependent on the appeal's presentation of purely legal questions. *See Taper*.

[3] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

[4] The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, § 8.

Commonwealth further asserts that Laskovich exhibited no expectation of privacy because he did not secure the game camera with a lock and did not attach any indicia of his ownership. The Commonwealth contends no unlawful search or seizure occurred when Wagner removed the game camera from a tree marked with a white game lands boundary line stripe. The Commonwealth also argues the seizure was proper because the game camera was in plain view, and additionally because it was not within the curtilage of Laskovich's property.

Laskovich insists the Commonwealth violated his constitutional rights because Wagner's conduct did not satisfy the requisite elements of the plain view doctrine. Laskovich further asserts there were no exigent circumstances to justify a warrantless seizure of the game camera. Accordingly, although the search of the memory card occurred pursuant to a search warrant, Laskovich argues the trial court properly suppressed the contents of the memory card as fruit of the poisonous tree,[5] based on the purportedly improper seizure of the game camera.

### III. Discussion

### A. Reasonable Expectation of Privacy

A defendant asserting that a warrantless seizure violated his privacy rights must establish a reasonable expectation of privacy by demonstrating that his subjective expectation is one society accepts as reasonable. *Commonwealth v. Millner*, 888 A.2d 680 (Pa. 2005). If there is no reasonable expectation of privacy, there is obviously no need for the Commonwealth to establish that a warrantless seizure does not violate the defendant's privacy rights. *Id.*

---

[5] "The 'fruit of the poisonous tree' doctrine prohibits the admission of evidence at trial that was tainted by unconstitutional actions by law enforcement officials." *Santiago*, 209 A.3d at 914.

Here, Laskovich asserts there is no dispute concerning his expectation of privacy in the game camera because Wagner acknowledged such an interest in his testimony at the suppression hearing. We discern no merit in this assertion.

First, this assertion mischaracterizes Wagner's testimony. Although Laskovich's counsel initially asked about a privacy interest in the game camera, Wagner's testimony actually indicated it was the images on the memory card that he believed might be protected by a privacy interest. Wagner explained he applied for the search warrant *relating to the camera's memory card* because he believed Laskovich had a privacy interest to the extent that the game camera had a view of the rear entry of his house as well as a view of the area where the elk were feeding. However, the camera itself, without the memory card, had no value. *See* Transcript of Proceedings, 12/12/17 (Tr.), at 27-30.

Moreover, as noted above, whether a defendant had a reasonable expectation of privacy in seized property is a conclusion of law. *See Millner.* The law is settled that a witness may not testify to a conclusion of law. *See*, *e.g.*, *Frederico Granero Co. v. Workmen's Comp. Appeal Bd. (Mullen)*, 402 A.2d 312 (Pa. Cmwlth. 1979) (witness not qualified as a legal expert was not permitted to testify to a conclusion of law); *accord Sanford's Estate v. Comm'r of Internal Revenue*, 308 U.S. 39 (1939) (court is not bound to accept parties' stipulation relating to a question of law). Indeed, the Commonwealth's counsel expressly objected to any attempt to elicit testimony from Wagner constituting a conclusion of law. Tr. at 27. Moreover, Laskovich offered neither evidence nor legal citations to support a conclusion that Wagner, as a wildlife conservation officer, had the legal capacity to bind the Game Commission, much less the Commonwealth, to a legal conclusion.

The Commonwealth argues Laskovich could not have a reasonable expectation of privacy in a game camera he strapped to a tree marked with a game commission boundary stripe. We agree.

Although evidence at the suppression hearing showed the marked tree was actually 2.62 feet inside Laskovich's property line, that fact is immaterial. An item exposed to the plain view of the public, even on one's own property, is not entitled to privacy protection. *California v. Ciraolo*, 476 U.S. 207 (1986) (citing *Katz v. United States*, 389 U.S. 347 (1967)); *see also California v. Greenwood*, 486 U.S. 35, 41 (1988) (item placed at edge of property, accessible to the public and "vulnerable to an unscrupulous person or scavenging animal," is not subject to privacy protection). Law enforcement officers are not required to "shield their eyes" when items are clearly visible from a public vantage point where the officers have a right to be. *Ciraolo*, 476 U.S. at 213 (citing *United States v. Knotts*, 460 U.S. 276 (1983)); *see Florida v. Jardines*, 569 U.S. 1, 7 (2013) (quoting *Ciraolo*).

Moreover, Wagner's reliance on the boundary line stripe painted on the tree was not unreasonable. An inadvertent trespass does not render an enforcement officer's seizure of property unreasonable. *United States v. Sterling*, 244 F. Supp. 534 (W.D. Pa. 1965), *aff'd*, 369 F.2d 799 (3d Cir. 1966). "If the enforcement officer reasonably believes that he is not trespassing on the suspect's property, his acts are not unreasonable even if he technically violated the unmarked boundary line . . . ." *Id.* at 536. "A simple trespass, without more, will not invalidate an otherwise proper search and seizure." *Id.* This is especially true where the location involved is unfenced and unmarked. *Id.*

Here, the game camera was affixed to a tree marked as the state game lands boundary. There is no dispute that the camera was clearly visible from the state

6

game lands, which was a public vantage point where Wagner was entitled to be. Further, there was no fence demarking Laskovich's property line. Indeed, at the suppression hearing, expert testimony from a surveyor was needed to establish the exact location of the property line in relation to the tree. In these circumstances, Laskovich had no reasonable expectation of privacy in the game camera. Wagner's seizure of the game camera therefore did not violate any privacy right.

### B. Application of the Plain View Doctrine

In an alternative argument, the Commonwealth contends Wagner's seizure of the game camera was also lawful because the game camera was in plain view. Under the plain view doctrine, warrantless seizure of property is permissible where a law enforcement officer is lawfully in a position to view an item and the item's incriminating nature is immediately apparent. *Commonwealth v. Zhahir*, 751 A.2d 1153 (Pa. 2000); *Commonwealth v. Lake*, 879 A.2d 816 (Pa. Cmwlth. 2005). The plain view doctrine applies to analyses under both the United States and Pennsylvania Constitutions. *Commonwealth v. Jones*, 988 A.2d 649 (Pa. 2010).

Here, the trial court found that although Wagner was lawfully in a position to view the game camera, its incriminating nature was not apparent. We disagree.

In *Lake*, Game Commission officers, while executing a search warrant for the examination of weapons, ammunition, and animal parts in the defendant's possession, seized a notebook in the defendant's gun cabinet, which was not within the scope of the warrant. The notebook, it transpired, contained a detailed list of all the animals the defendant had killed. The defendant was charged with 87 illegal game kills, based on the information in the notebook. Although the notebook was open at a page with a legible notation describing a deer and listing a date, the

defendant argued the notebook was not immediately apparent as containing incriminating evidence and therefore was not subject to a warrantless seizure.

In its detailed analysis of the plain view doctrine, this Court first observed that a warrantless seizure of property in plain view is presumptively reasonable, as long as there is probable cause to believe the property is associated with criminal activity. *Id.* (citing *Texas v. Brown*, 460 U.S. 730 (1983)); *see also Commonwealth v. McCree*, 924 A.2d 621 (Pa. Cmwlth. 2007) (warrantless seizure is proper where enforcement officer is lawfully present at place from which item is seen, totality of circumstances make incriminating nature of evidence apparent, and other information creates probable cause).

Although probable cause requires a reasonable belief that an item is evidence of a crime, "'it does not demand any showing that such a belief [is] correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.'" *Lake*, 879 A.2d at 818-19 (quoting *Brown*, 460 U.S. at 742). To constitute probable cause, criminality need only be one reasonable inference raised by the item, "'not necessarily even the most likely inference.'" *Lake*, 879 A.2d at 819 (quoting *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa. Super. 2004)). Rather, the "court must look at the totality of the circumstances known to police at the time of the search, and view those circumstances through the eyes of the trained officer, not those of an average citizen." *Id.* (citing *Commonwealth v. Burnside*, 625 A.2d 678 (Pa. Super. 1993)).

Applying this analytical framework, this Court in *Lake* concluded it was reasonable for the officers to believe the notebook contained recorded evidence of the defendant's illegal kills, even if it was "conceivable" that the notation on the open page referred to some lawful activity. *Id.* Accordingly, the officers had

8

probable cause to believe the notebook contained evidence of criminal activity. The notebook's association with criminal activity was therefore immediately apparent, and its seizure was lawful under the plain view doctrine.

In *Jones*, the defendant challenged whether probable cause had existed for the warrant authorizing the search in which incriminating evidence was found. Thus, the specific issue was not a warrantless seizure. However, in its analysis, our Supreme Court also listed four factors that permit a warrantless search or seizure:

> (1) the police have not violated the Fourth Amendment in arriving at the location from which the item could be viewed; (2) the item is in plain view; (3) the incriminating character of the item is immediately apparent; and (4) the police have a lawful right of access to the item itself.

*Jones*, 988 A.2d at 656.

We find the analyses of *Lake* applies here, and the *Jones* factors are satisfied. Wagner was lawfully on state game lands and did not violate the Fourth Amendment in walking through the state game lands to that location. He observed the game camera in plain view, pointing directly at several bull elk feeding on piles of corn in Laskovich's backyard. Although it was perhaps conceivable that the game camera was being used for security purposes, it was reasonable for Wagner, a trained wildlife conservation officer, to believe it also contained evidence of illegal elk feeding. Indeed, given Wagner's testimony that game cameras are motion activated, he would have had little reason to doubt that movements showing placement of the bait piles of corn, as well as subsequent elk feeding activity, would have been caught on the game camera's memory card. Wagner clearly had probable cause to believe the game camera contained evidence of criminal activity. Finally, as discussed in the previous section, Wagner had a lawful right of access to the camera based on his reasonable belief that it was on public land. *See Sterling*. Thus, all four *Jones* factors

9

were satisfied, and the seizure was presumptively reasonable under the plain view doctrine.[6]

## C. Exigent Circumstances

Laskovich argues Wagner did not have a right to seize the game camera because there were no exigent circumstances justifying a warrantless seizure. However, exigent circumstances are not required where the plain view doctrine applies. *See Commonwealth v. Wright*, 961 A.2d 119 (Pa. 2008) (plain view doctrine justifies warrantless seizure, independent of exigent circumstances).

Exigent circumstances arguably might establish a lawful right of access in satisfaction of the fourth factor of the *Jones* test. *See Jones* (citing *Commonwealth v. McCullum*, 602 A.2d 313 (Pa. 1992)). However, even assuming that principle to be true, the converse does not follow: the absence of exigent circumstances does not preclude satisfaction of the fourth *Jones* factor by other means. Here, as discussed above, Wagner had a reasonable belief that the camera was on public land, which satisfied the fourth *Jones* factor independent of any exigent circumstances.

Therefore, because we find the plain view doctrine justified Wagner's seizure of the game camera, the presence or absence of exigent circumstances is immaterial.

## IV. Conclusion

For the foregoing reasons, we conclude Wagner's seizure of Laskovich's game camera did not violate Laskovich's constitutional rights. It follows that the subsequent review of images on the game camera's memory card pursuant to a

---

[6] There was some evidence at the suppression hearing concerning whether the camera was within the curtilage of Laskovich's property. That issue is not material because the game camera was in plain view. *Ciraolo* (item's location within the curtilage does not bar enforcement officer's observation of what is clearly visible).

lawfully obtained search warrant was proper and did not constitute fruit of the poisonous tree. Accordingly, we reverse the trial court's suppression order.

 

 

 

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,  :
                    Appellant  :
                               :
          v.                   :   Nos. 1556 C.D. 2018 and 1557 C.D. 2018
                               :
Keith Robert Laskovich         :

# **O R D E R**

AND NOW, this 8th day of November, 2019, the order of the Court of Common Pleas of Elk County entered March 19, 2018 is REVERSED.


_____
ELLEN CEISLER, Judge