## Nury v. Consumers Mining Company et al., Appellants.

Argued April 16, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Karl E. Weise*, with him *Hirsch & Shumaker*, for appellants.

*Samuel Krimsly*, for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1946:

In this workmen's compensation case the only question in dispute is whether the employer is liable for hospital and medical expenses incurred by the claimant.

George Nury sustained a compensable injury in the course of his employment on January 20, 1944. He was taken from the mine to the employer's office and examined by the mine physician, Dr. Piper, who diagnosed his injury as a sprain of the right abdominal muscles. On January 22, he saw his physician the second time and was told that his trouble was "just a little sprain." Claimant continued to suffer pain and was unable to work. On January 24, again he went to Dr. Piper, but was dissatisfied with his diagnosis, and consulted Dr. Snyder, who found that he had a right indirect inguinal hernia as a result of the accident on January 20. Plans were then made for hospitalization and an operation. Due to the claimant's contracting a cold, and the absence of hospital space, he did not enter the hospital until February 1, and was operated on six days later. After arrangements were completed to enter the hospital claimant informed defendant's chief clerk of his plans. Notwithstanding the company continued to deny any legal liability, it then requested him to see Dr. Johnson, another physician, and offered to pay for an operation and hospital expenses in the same institution where

the operation was subsequently performed. Dr. Snyder charged $100 for his services, and the hospital bill amounted to $120. The employe filed his claim petition and the employer in its answer denied the accident and any disability resulting therefrom.

At the hearing before the referee after the facts had been fully developed the defendant, through its counsel, announced that it would pay compensation but denied any liability for hospital and medical services on the ground that it had offered to furnish such services, which were refused by the claimant. The referee found facts supporting the claim and made an award, which included the hospital and surgical expenses. His third conclusion of law was as follows: "Third. Since the defendant company did not furnish adequate medical assistance to the claimant before he had made arrangements for the repair of the hernia himself, the claimant is entitled to recover doctor and hospital bills incurred within the first 60 days following disability."

Upon appeal the board did not disturb any of the referee's findings of fact, or make any additional findings, but vacated and set aside the third conclusion of law and substituted its own as follows: "3. It appearing that since the defendant tendered reasonable and adequate surgical and medical attention and services, which tender was unjustifiably refused by the claimant, the defendant is not liable for bills incurred concerning the same as a part of the award."

Upon appeal the learned court below held that as the board did not change any of the referee's facts, the issue in dispute resolved itself into a legal question. It concluded that claimant's refusal to accept the employer's offer of surgical and hospital services did not deprive him of the right to receive the expenses he incurred, sustained exceptions to the board's conclusions, and entered judgment for the claimant. This appeal followed.

Section 306 (f) of our Workmen's Compensation Act, as amended by the Act of June 21, 1939, P. L. 520, and later by the Act of May 18, 1945, P. L. 671, 77 PS §531, provides: "During the first sixty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed one hundred and fifty dollars ($150) . . . If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the above service, medicines and supplies, hospital treatment, services and supplies shall be furnished by the employer for the said period of sixty days . . . The costs for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals."

In this case the employer never admitted the accident, denied claimant's disability and its liability under the Workmen's Compensation Act until the taking of testimony ended. It admittedly did not place too much confidence in the ability of Dr. Piper to diagnose cases as the chief clerk to whom the accident was reported, testified: "If I may say so, I don't always take Dr. Piper's word on a lot of hernia cases . . ." In any event, under this statute an employer is required to furnish reasonable surgical and medical services. It cannot relieve itself of this obligation by furnishing professional services, which were proved conclusively to be inadequate. We do not hold that an employer's doctor must be infallible in determining the nature and extent of an employe's injury or ailment, but he should make such an examination, and exercise such professional skill, as is reasonably required. For some reason which the em-

ployer apparently thought was sufficient, it did not call Dr. Piper as a witness to tell the extent of his examination. He saw the claimant on three different occasions and apparently made but superficial examinations, and treated lightly a serious condition. An employe in such circumstances is not required to continue suffering pain and remain incapacitated without seeking other medical advice. If the employer's doctor is shown to be completely mistaken in his diagnosis and treatment, an injured employe will not be deprived of his rights to have the services of a reasonably competent medical man, in compliance with the spirit of our statute.

*Orlandini v. Volpe Coal Company*, 145 Pa. Superior Ct. 129, 20 A. 2d 870, has features similar to those before us. There a claimant, who had suffered a hernia, was attended by the company's physician, who informed him he was suffering from constipation and possibly subacute appendicitis; that there was no liability upon the part of the company as he did not have a compensable case, and suggested that he come to his office for treatment, for which he personally would have to pay. Claimant became dissatisfied with the doctor's treatments and sought advice of his own physician, who concluded that he had a hernia as a result of his accidental injury and advised an operation which was later performed. The company's physician in the meantime consulted other doctors and changed his views and arranged to have the claimant enter a hospital for an operation. He refused to accept this offer of deferred service and sought to recover for surgical services and hospital expenses incurred. We held that the employer was liable for those services and expenses, which, as in the present case, were well within the limitations of the statute.

The appellants in this case were not harmed in any way. Claimant was operated on in the hospital to which the employer had intended to take him, and the physician's bill is moderate for the services rendered.

378

We find no error in the reversal of the board's third conclusion of law by the learned court below.

Judgment is affirmed.