Chamberlain Corporation, Appellant, *v.* Workmen's Compensation Appeal Board and Eugene Van Buskirk, Appellees.

Submitted on briefs, May 11, 1973, to Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Joseph E. Gallagher,* with him *O'Malley, Morgan, Bour & Gallagher,* for appellant.

*Anthony J. Popeck,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., August 3, 1973:

The Workmen's Compensation Appeal Board granted total disability benefits, medical and surgical expenses to the claimant and Defendant appeals to this Court.

On Saturday, June 13, 1970, while the claimant was cleaning the inside of a tank, he slipped on excess oil and injured his back causing sharp pains in his right hip and leg. He promptly informed his foreman of the incident. The following Monday he consulted the company physician who recommended the use of a heat lamp and the application of patent medicinal Ben-Gay. The following day, he again consulted the company doctor who recommended continued heat and Ben-Gay treatment. Since there was no diminution of pain, he decided to obtain the services of his own physician, Doctor Anthony G. Zale. After examining the radiological results, Doctor Zale hospitalized the claimant two days later. Following neurosurgical consultation, a ruptured disc was removed by Doctor Louis Guerrieri on June 26, 1970. The claimant returned to work December 1970. More surgery was performed on claimant's back in late 1971.

The Referee awarded the claimant total disability benefits and medical expenses, including the cost of medical services of Doctor Zale, the fee of the neuro-

surgeon and hospital expenses. The Referee rejected a claim for the neurosurgical expenses or the other medical expenses incurred in 1971. The employer limited its appeal to the Workmen's Compensation Appeal Board to that part of the Referee's Order which granted the initial hospital and medical expenses involved in the surgery of June 26, 1970. The claimant did not appeal the order which denied additional medical expenses incident to the surgery performed in September 1971. The Board affirmed the Referee.

The Appellant-employer's position is that it is not responsible for medical services supplied by Appellee's personal physicians and the other expenses incident to those services which were not authorized by the Appellant-employer. Appellant argues that the Appellee had available to him adequate professional services willingly supplied by Appellant.

Section 306(f) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Art. III, §306(e), as amended, 77 P.S. §531, provides in pertinent part: "During the first twelve months after disability begins, the employer shall furnish reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitation. . . ."

The statute requires that an employer's doctor ". . . make such an examination, and exercise such professional skill, as is reasonably required." *Nury v. Consumers Mining Company,* 159 Pa. Superior Ct. 373, 376, 48 A. 2d 87, 88 (1946). That obligation, placed on the

employer by the statute, ". . . is not fulfilled by furnishing inadequate professional service." *Shank v. Consolidated Coal Company*, 161 Pa. Superior Ct. 304, 307, 54 A. 2d 289, 290 (1947).

The Referee and the Board determined that the medical services rendered Appellee by the company doctor were "inadequate" and Appellee acted properly when he obtained other professional guidance and treatment, hence Appellee was entitled to recover the medical and surgical expenses.

In a case such as this, where an award has been made in favor of the claimant, it is important to emphasize that our scope of review is to determine whether or not there is substantial evidence to support the necessary findings of fact giving to the employee-claimant the benefit of the most favorable inferences deducted from the testimony. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A. 2d 640 (1973); *Nash v. Sandnes' Sons, Inc.*, 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972); *Bambrick v. Asten Hill Manufacturing Co.*, 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972).

Very simply then, the resolution of this case depends on whether or not there is substantial evidence to support the determination that medical services rendered by the Appellant were inadequate.

After a very careful examination of the entire record, we believe that there is substantial evidence to support this decision and therefore we affirm.

Initially, we note that there is conflicting diagnostic testimony imputed to the company doctor. The doctor testified that he knew the pain emanated from a herniated disc. Appellee testified that the same company doctor told him the pain was caused by a pinched nerve. To further complicate the medical mystery, Appellant introduced a report signed by the registered nurse who

was on duty at the time which described the ailment as a "possible muscle strain." Since it is for the Referee and not this Court to determine questions of credibility, and the weight to be given conflicting testimony, *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), Referee's apparent disbelief of the Company doctor's "correct" diagnosis of Appellee's injury is evidence to support its determination that the treatment was inadequate.

An examination of the evidence also reveals that the company doctor failed to order X-rays or consult the employer's surgeon although he was aware of Appellee's prior history of back trouble.

In addition, we find nothing in the record which would dispute the necessity of Appellee's surgery. Appellee argues that in prescribing heat treatment and Ben-Gay when surgery is necessary, this is clear indices of, to say the least, inadequate medical treatment.

In ascertaining whether necessary findings of fact are supported by substantial evidence, the reviewing court must determine whether, from an examination of the entire record, the evidence and inferences therefrom are such that a reasonable man might have reached the same decision which was reached by the administrative body. *Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972). We believe that the Board was not unreasonable when it concluded that the treatment offered the Appellee was inadequate, and that under these circumstances he acted properly in obtaining the services of personal physicians.

### Order

And Now, this 3rd day of August, 1973, it is hereby ordered that judgment be entered in favor of Eugene

Van Buskirk and against Chamberlain Corporation for the following medical expenses:

Community Medical Center of
    Scranton, Pennsylvania ......... $1,043.40
Dr. Louis Guerrieri ................ 930.00
Dr. Anthony G. Zale .............. 399.00

                                                    $2,372.40