Frederico Granero Company and Reliance Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Linda Mullen w/o John Joseph Mullen, Deceased, Respondents.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* for appellant.

*Harris J. Sklar,* with him *Arthur M. Rosenbaum,* and *Gross & Sklar, P.C.,* for appellees.

OPINION BY JUDGE MENCER, June 8, 1979:

Frederico Granero Company (Granero) and its insurance carrier, Reliance Insurance Company, appeal to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to Linda Mullen, widow of John J. Mullen (Mullen), and her two minor children and expenses relative to the hospitalization and funeral of Mullen and witness and counsel fees.

Mullen sustained fatal injuries on January 23, 1976 while performing certain carpentry work at 8311 Mansfield Avenue, Philadelphia, Pennsylvania, when an explosion occurred on the premises. His widow filed a fatal claim petition for death benefits for herself and her two minor children, in which she alleged that Mullen was an employee of Granero at the time of the explosion and, after five hearings, a referee determined that Mullen was an employee for purposes of The Pennsylvania Workmen's Compensation Act

(Act)[1] and that the widow and her minor children were entitled to benefits as provided by the Act. On appeal, the Board affirmed the referee's award and this appeal followed.

Granero contends in this appeal that the referee erred by permitting an accountant to issue an opinion as to whether Mullen was an employee of Granero and by relying on that opinion in arriving at his order and award. Our scope of review is that defined in the Administrative Agency Law, 2 Pa. C.S. §704, which limits this Court to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact are unsupported by substantial evidence.

The claimant in this case must sustain the burden of proving that Mullen was at the time of his death an employee of Granero, if she and her minor children are to qualify for compensation. *Barr v. B & B Camper Sales,* 7 Pa. Commonwealth Ct. 323, 300 A.2d 304 (1973). The guidelines for determining whether or not Mullen was functioning as an employee at the time of the explosion are the same as those at common law for ascertaining whether or not a master-servant relationship existed. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Co.,* 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975). Each case must be determined on its own facts, but there are certain factors which have been recognized as guidelines for making a determination:

> Control· of [the] manner [in which] work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

supplies the tools; whether payment is by the time or by the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment. at any time. *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 232, 277 A.2d 867, 869 (1971).

This Court has held many times that the most important factor in determining the existence of an employer-employee relationship is evidence of actual control or of the right to control the work to be done and the manner of its performance. *Workmen's Compensation Appeal Board v. Piccolino*, 20 Pa. Commonwealth Ct. 369, 341 A.2d 922 (1975).

In the instant case, a witness who was a certified public accountant was permitted to testify, over objection, as to his opinion, based upon his examination of the financial records of Granero and claimant's testimony, that Mullen was an employee of Granero. This witness should not have been permitted to testify to the legal conclusion that had to be ultimately resolved by the referee, since he had no standing as an expert on questions of law. The certified public accountant properly testified as to factual matters revealed by his examination of financial records. He properly stated his interpretation of Internal Revenue Regulations and Guidelines, but he was not qualified to opine concerning whether or not Mullen was within the employer-employee relationship, that being a question of law. The admission of incompetent opinion evidence which goes to legal conclusions to be drawn by the factfinder constitutes error. *Taylor v. Fardink*, 231 Pa. Superior Ct. 259, 331 A.2d 797 (1974).

Although this error by the referee in not sustaining an objection to incompetent opinion evidence would suggest a remand for further consideration by the ref-

eree, our examination of this record and the referee's decision discloses that there is substantial evidence, apart from the opinion testimony of the accountant witness, to support the legal conclusion reached by the referee.

The record establishes that Granero was operated as a sole proprietorship by one Frederico Granero. Mullen was paid on a weekly basis by checks signed by Frederico Granero. Two employees of Granero testified that they were employed by Granero and not by Mullen and that Mullen only gave them the job instructions that he had received from Frederico Granero. Most important was testimony of the claimant,[2] accepted by the referee, that Frederico Granero would call on the telephone at least twice a week and give instructions as to where Mullen should go to pick up supplies and what jobs were to be done. It would seem that Frederico Granero exercised actual control over the work performed by Mullen and surely had the right to control such work. The examination of Granero's financial records by the certified public accountant who testified resulted in evidence that Frederico Granero was solely in control of the operations of Granero.

We recognize that this is a very close case with some factors which would seem to indicate that Mullen might have been a partner of Frederico Granero. The referee's findings to the contrary, however, are supported by the record, and they sufficiently uphold the conclusion, as a matter of law, that Mullen was acting as Granero's employee at the time of the explosion

[2] Section 422 of the Act, 77 P.S. §834, expressly states that referees shall not be bound by the common law or statutory rules of evidence in conducting any hearing. Where facts are sufficiently established by circumstantial evidence, hearsay testimony not inconsistent therewith, if relevant and material to the fact at issue, may be considered. *Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972).

causing his death. We will, therefore, affirm the Board's order and award granting benefits to Linda Mullen and her minor children.

## ORDER

AND Now, this 8th day of June, 1979, the appeal of Frederico Granero Company and Reliance Insurance Company is hereby dismissed, and the order of the Workmen's Compensation Appeal Board, dated November 10, 1977, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Linda Mullen, widow of John J. Mullen, for herself and her minor children, Christian Joseph Mullen and Justin John Mullen, and against Frederico Granero Company and Reliance Insurance Company, in the amount of $187 per week, beginning January 23, 1976 and continuing up to and including August 17, 1991, the 18th birthday of Christian Joseph Mullen, and thereafter in the amount of $181.80 per week, beginning August 18, 1991 and continuing up to and including August 1, 1993, the 18th birthday of Justin John Mullen, and thereafter in the amount of $154.53 per week during the period of her continued widowhood, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act and subject to the right of said minor children to receive additional compensation during their attendance at an accredited school, as provided in the Act.

In addition, Frederico Granero Company and Reliance Insurance Company are directed to reimburse the claimant for reasonable burial expenses, in the amount of $1,500; hospital expenses, in the amount of $25; and witness fee expenses, in the amount of $422.50; and to pay to claimant's counsel, Harris J. Sklar, Esquire, 20 percent of the above award as counsel fee, which shall be chargeable to claimant's award.