Pennsylvania Manufacturers' Association Insurance Company and County of York, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Raymond D. Sheffer, Respondents.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*W. Jeffery Sidebottom, Barley, Snyder, Cooper & Barber,* for petitioners.

*Daniel L. Carn, Carn & Vaughn* for respondent, Raymond D. Sheffer.

*Robert J. Stewart, Liverant, Senft* and *Cohen,* for United States Fidelity & Guaranty Company and Community Progress Council, respondents.

OPINION BY JUDGE WILKINSON, JR., July 9, 1980:

Respondent (claimant) was awarded compensation by a referee and the Workmen's Compensation Appeal Board (Board) under The Pennsylvania Workmen's Compensation Act (Act)[1] for temporary total disability resulting from a work-related injury. We affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.*

In June of 1977 petitioner County of York (County) gave claimant employment under the auspices of Title VI of the Comprehensive Employment and Training Act (CETA), *as amended,* 29 U.S.C. §§961-970. Acting as the "prime sponsor" under CETA, the County assigned claimant to a project run by the Community Progress Council (Council), where he worked as a toy repairman and maintenance person. Claimant sustained his injury, a recurrent right inguinal hernia, on December 24, 1977 while performing a job assigned to him by the Council. On May 25, 1978 claimant filed his claim petition for compensation. The Council was joined as an additional defendant because the County alleged that the Council was the claimant's statutory employer. The referee decided that the County was the claimant's employer for purposes of the Act and as such must pay the various workmen's compensation benefits plus attorney's fees. The Board deleted the portion of the referee's award concerning attorney's fees and affirmed the referee's order as modified. The County and its insurance carrier brought this appeal.

The County first contends that the Board erred as a matter of law in determining that the County rather than the Council was the claimant's employer at the time of his injury. The question of whether an employer-employee relationship exists is one of law, based upon findings of fact. *Martin Trucking Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 367, 373 A.2d 1168 (1977). The County here emphasizes that the Council took charge of the training and supervision of claimant and of any disciplinary and firing responsibilities, and argues that the crucial factor in settling the issue is who has the right of controlling the manner of claimant's performance of his work. "This Court has held many times that the most important factor in determining

the existence of an employer-employee relationship is evidence of actual control or of the right to control the work to be done and the manner of its performance." *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 308, 311, 402 A.2d 312, 314 (1979). However, in the determination of an employer-employee relationship, each case must be decided on its own facts. *Daily Express, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 434, 406 A.2d 600 (1979). In the instant case, the federal government has provided the County with funds to be utilized by the County to pay for workmen's compensation coverage for persons employed under a CETA program. *See* 29 U.S.C. §824(k); 29 C.F.R. §98.24. Under its contract with the Council, the only funds the County transferred to the Council were for administrative costs. The County received and retained control of all other amounts received under the CETA program, including amounts designed for claimant's wages and for the payment of worker's compensation insurance premiums. Therefore, we cannot conclude that the Board erred as a matter of law in determining that the County was the claimant's employer at the time of his injury.

The County secondly argues that since the doctors who examined and treated claimant were not on the designated physicians list compiled by the County, the County is not obligated under Section 306(f) of the Act, 77 P.S. §531, to pay the claimant's doctor's bills. At the time of claimant's injury, Section 306(f) of the Act provided in pertinent part:

> The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may

select a duly licensed practitioner of the heal-
ing arts of his own choice, unless at least five
physicians shall have been designated by the
employer . . . in which instances the employe
shall select a physician from among those des-
ignated. . . . If the employe shall refuse rea-
sonable services of duly licensed practitioners
of the healing arts, surgical, medical and hos-
pital services, treatment, medicines and sup-
plies, he shall forfeit all rights to compensation
for any injury or any increase in his incapacity
shown to have resulted from such refusal.[2]

There is substantial evidence in the record indicating
that no such list from the County was received by the
Council, and that claimant was not made aware of the
list by anyone with the County or the Council, until
long after the claim arose. Since claimant did not
have a list of designated physicians from which to
choose and the referee did not find claimant's efforts
to get medical treatment to be improper, we will af-
firm the award of medical expenses. *See Chamberlain
Corp. v. Workmen's Compensation Appeal Board,* 9
Pa. Commonwealth Ct. 486, 308 A.2d 177 (1973).

Finally, the County contends that the subrogation
interest of Pennsylvania Blue Shield should not be
paid because the right to subrogation was not estab-
lished at the time of the hearing. Section 319 of the
Act, 77 P.S. §671, provides in pertinent part:

Where an employe has received payments
for the disability or medical expense resulting
from an injury in the course of his employment
paid by the employer or an insurance company
on the basis that the injury and disability were
not compensable under this act in the event of
an agreement or award for that injury the em-

---

[2] Act of December 5, 1974, P.L. 782, No. 263, §10.

ployer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

We must affirm the award to Pennsylvania Blue Shield because our review of the record reveals that sufficient proof was offered at two of the three hearings before the referee and included statements of payments Pennsylvania Blue Shield made to physicians who treated claimant.

Accordingly, we will enter the following

ORDER

AND Now, July 9, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-76704, dated July 12, 1979, is affirmed. It is ordered that judgment be entered in favor of claimant Raymond D. Sheffer and against the County of York and/or its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, in the amount of $99.50 per week for the period March 3, 1978 to May 5, 1978 and from June 5, 1978 to the present and continuing so long as disability lasts, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

The County of York and/or its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, is directed to reimburse United States Fidelity & Guaranty Company, P.O. Box 188, North Market Square, Harrisburg, PA, for all compensation paid to claimant by United States Fidelity & Guaranty Company since November 15, 1978.

The County of York and/or its insurance carrier, Pennsylvania Manufacturers' Association Insurance Company, is directed to pay the following medical and hospital expenses:

Community Medical Laboratory, Inc.
Ref: Dr. Brooks
Toll House Avenue
Frederick, MD    21701 ............ $    20.00

Edward A. Solano, M.D.
4 West Seventh Street, Suite 6
Frederick, MD    21701 ............ $    70.00

Dr. John R. Essock
2314 West Market Street
York, PA    17404 ................ $  101.00

Memorial Osteopathic Hospital
325 South Belmont Street
York, PA    17403 ................ $  890.95

Donald E. Myers, D.O.
1790 Third Avenue
York, PA    17405 ................ $    26.00

Frederick Memorial Hospital
Frederick, MD    21701 ............ $    45.34

Memorial Osteopathic Anesthesia Associates
325 South Belmont Street
York, PA    17403 ................ $  160.00

Dr. R. Dale McCormick
2040 East Market Street
York, PA    17402 ................ $  150.00

Pennsylvania Blue Shield
Camp Hill, PA    17011 ............ $  350.00
  (less 20 percent, which is to be paid to
  Daniel L. Carn, Esq., 22 South Beaver

Street, York, PA  17401, for recovering the money)

Memorial Osteopathic Hospital`
325 South Belmont Street
York, PA   17403 ............ .... $1,766.65
(less 20 percent, which is to be paid to Daniel L. Carn, Esq., 22 South Beaver Street, York, PA  17401, for recovering the money)

All remaining payments of compensation and interest shall be paid directly to Raymond D. Sheffer.