County of Armstrong, Petitioner *v.* Workmen's Compensation Appeal Board (Ross and Borough of Kittanning), Respondents.

Argued March 12, 1984, before Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Joseph F. Grochmal,* with him *Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Stuart W. Benson, III, Dickie, McCamey & Chilcote, P.C.,* for respondent, Borough of Kittanning.

Opinion by Judge Craig, April 10, 1984:

The County of Armstrong appeals an order of the Workmen's Compensation Appeal Board which reversed a referee's order that the Borough of Kittanning pay all future workmen's compensation benefits to the claimant, Thomas W. Ross, and reimburse Armstrong County for all benefits it had already paid to Ross.

We must determine whether the county who hires and pays an employee through the federally funded Comprehensive Employment and Training Act (CETA) program, or the borough for whom the employee actually works, is the "employer" responsible for paying workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act.[1]

The County of Armstrong hired Ross in 1974 under the federally funded CETA program and assigned him to work for the Borough of Kittanning as a laborer under the supervision of the borough street commissioner. The county paid the CETA employees' wages and provided workmen's compensation coverage for them from funds provided by the federal government specifically for that purpose. Although the borough supervised and directed Ross' daily work, and he reported to the borough supervisor when calling off sick, the county controlled his holiday vacation schedule and retained the authority to fire him.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1.

Ross suffered a work-related injury on May 7, 1979, and the county, through its insurance carrier, Aetna Life and Casualty Company, began paying workmen's compensation benefits to Ross. At the time of his injury, Ross' co-workers were not borough employees but were also hired by the county through various federal programs. On January 5, 1981, the county filed a petition to review the notice of compensation payable, alleging that the Borough of Kittanning, and not the County of Armstrong, was the statutory employer, and therefore was the party responsible for paying benefits to Ross. The referee entered an order directing the Borough of Kittanning to reimburse the county for all payments made in the past, and to assume responsibility for all payments to be made in the future. The board reversed, and this appeal followed.

The county argues that the determination of which governmental body is the employer under the Workmen's Compensation Act should be governed by a Pennsylvania Superior Court case which held that the most important factor in determining the existence of an employer-employee relationship is actual control or the right to control the work to be done and the manner of its performance. *Keller v. Old Lycoming Township,* 286 Pa. Superior Ct. 339, 428 A.2d 1358 (1981). In that case, the executrix of the estate of a CETA employee, who had suffered a fatal work-related injury, brought a wrongful death action against the township which directly controlled the deceased's daily work. The Superior Court affirmed the trial court's grant of summary judgment in favor of the township on the ground that the township was the employer of the CETA employee, and therefore was immune from actions at law insofar as the Workmen's Compensation

Act provides the exclusive remedy[2]. Applying the borrowed servant doctrine, the court concluded that the township, rather than the organization which administered the CETA program, had control or the right to control the borrowed employee. *See also English v. Lehigh County Authority,* 286 Pa. Superior Ct. 312, 428 A.2d 1343 (1981).

The borough argues, on the other hand, that the determination of which governmental body is the employer under the Workmen's Compensation Act should be governed by a Commonwealth Court case which held that the "prime sponsor," *i.e.,* that body which receives and retains control of the federal funds provided for CETA employees' wages and payment of workmen's compensation insurance premiums, is the employer for purposes of the Workmen's Compensation Act. *Pennsylvania Manufacturers Insurance Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 588, 418 A.2d 780 (1980). The *PMA* case presents facts almost identical to those in this case. A CETA employee was hired by the county of York and assigned to another governmental body, the Community Progress Council. This court, acknowledging that the most important factor in determining the existence of an employer-employee relationship is evidence of control or the right to control, *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 308, 402 A.2d 312 (1979), held that the financial and administrative control retained by the county over the CETA employee was significant enough to render the county, rather than the council for whom the employee actually worked, the employer under The Workmen's Compensation Act.

---

[2] Section 481 of the Act, *as amended,* 77 P.S. §481.

Here the board was correct in asserting that, because its actions in workmen's compensation cases are reviewable directly by the Commonwealth Court, 42 Pa. C. S. §763, the board must adhere to decisions of this court rather than those of the Superior Court where there is a divergence of opinion. We are bound by stare decisis to follow decisions of our own court until they are either overruled by the Supreme Court, or compelling reasons persuade us otherwise. Because neither of those circumstances have occurred here, we affirm.

ORDER

Now, April 10, 1984, the order of the Workmen's Compensation Appeal Board at No. A-82121, dated November 12, 1982, is affirmed.