## Kobli v. A.A.R.P.

*Dennis A. Deesch,* for plaintiffs.

*Barbara L. Hollenbach,* for defendant A.A.R.P.
*William P. Leeson,* for defendant Y.M.C.A.

WILLIAMS, *P.J.,* January 16, 1987—Presently before the court is a motion for summary judgment filed by defendants A.A.R.P. and the Y.M.C.A. of Allentown. Counsel have submitted briefs and, after careful review of the record compiled in this matter, we find the following to be relevant.

This action arose as a result of personal injuries sustained by plaintiff Joseph F. Kobli Jr., on July 11, 1983, when he fell from a ladder. On that date, and at the direction of A.A.R.P., plaintiff was working on the premises of Y.M.C.A. of Allentown.

While plaintiffs instituted an action for damages against both defendants, they readily concede that one of the defendants is entitled to immunity based upon the Workmen's Compensation Act, 77 Pa. Stat. Ann. 481 (Purdon Supp. 1986). Both defendants claim that immunity. A.A.R.P. further alleges that plaintiffs' claims are barred by the doctrine of collateral estoppel and absence of negligence on the part of A.A.R.P. The Y.M.C.A. claims that in addition to the Workmen's Compensation Act, no dangerous condition existed and therefore the Y.M.C.A. breached no duty owed to plaintiff, Joseph F. Kobli Jr.

In considering defendants' motion for summary judgment, we must look to Pa.R.C.P. 1035(b), which directs a court to enter summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Such judgment is to be entered only in clear cases where there is no doubt as to the absence of a

triable issue of fact, *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982); *Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME*, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981), and all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Thorsen v. Iron and Glass Bank*, 328 Pa. Super. 135, 141, 476 A.2d 928, 930-931 (1984); *Williams v. Dobransky*, 304 Pa. Super. 483, 450 A.2d 1015 (1982). Such a determination precludes, by its very nature, a full trial on the merits and so should be exercised sparingly.

The motion presently before the court requires us to first determine which defendant qualifies as plaintiff's statutory employer pursuant to the Workmen's Compensation Act. The test for determining the existence of an employer-employee relationship is whether the employer controlled, or had the right to control, the employee "not only with regard to the work to be done but also with regard to [the] manner of performing it." *Venezier v. Philadelphia Electric Co.*, 317 Pa. 557, 559, 177 Atl. 25 (1935).

A.A.R.P. argues that the determination of which defendant is the employer under the Workmen's Compensation Act should be governed by the Commonwealth Court cases which have held that the "prime sponsor," i.e., "that body which receives and retains control of the federal funds provided for CETA employees' wages and payment of workmen's compensation insurance premiums, is the employer for purposes of the Workmen's Compensation Act." *City of Armstrong v. W.C.A.B.*, 81 Pa. Commw. 474, 477, 473 A.2d 755 (1984). See also, *Pennsylvania Manufacturers Insurance Co. v. W.C.A.B.*, 52 Pa. Commw. 588, 418 A.2d 780 (1980).

The Y.M.C.A. argues, on the other hand, that our determination should be governed by the Superior Court case of *English v. Lehigh County Authority*, 286 Pa. 312, 428 A.2d 1343 (1981). In *English*, Kelly Labor provided temporary workers to the Lehigh County Authority in exchange for the authority's payment of a fee to Kelly. Plaintiff's decedent, who had been assigned by Kelly to the authority, died from noxious fumes while performing sewage testing for the authority. The Superior Court found that the authority, not Kelly, was the decedent's employer and therefore was entitled to immunity under the Workmen's Compensation Act.

The present fact situation is distinguishable from *English* in several respects. Initially we note that the present case involves a federally funded job training program, which would be governed by the theory found in the Commonwealth Court decisions that retention of financial and administrative controls is sufficient evidence of control or the right to control the employee's work. Secondly, it is uncontested that worker's compensation benefits have been paid to Mr. Kobli by A.A.R.P. and accepted by him as compensation for his injuries. The cases cited by the Y.M.C.A. fail to discuss whether any payments were made to the claimants under a worker's compensation plan.

In determining who had actual control or the right to control the employee's work, we have carefully reviewed the additional cases cited by both defendants. We find in this case that A.A.R.P. enrolled Mr. Kobli in its Senior Community Service Employment Program and assigned him to work at the Y.M.C.A. as part of A.A.R.P.'s job-training program. At the time he registered with A.A.R.P., Mr. Kobli was provided with an enrollee handbook which described SCSEP, the enrollee's responsibilities and

those of the host agency, the responsibilities of the SCSEP, enrollee meetings, overtime, compensatory time and volunteering, evaluations, enrollee benefits including paid holidays, individual holiday leave, sick leave, bereavement leave, physical examinations, A.A.R.P. membership, time and attendance reporting, worker safety orientation, accident reporting, and federal regulations. The handbook explained that, "You are an employee of SCSEP and are assigned to a temporary position in a host agency."

The deposition of Earl C. Schmoyer, Mr. Kobli's supervisor at the Y.M.C.A., clearly indicates that he understood that Mr. Kobli was an employee of A.A.R.P. and not the Y.M.C.A. The A.A.R.P. retained the right to terminate Mr. Kobli, paid worker's compensation and unemployment compensation insurance benefits for Mr. Kobli, and mandated his attendance at A.A.R.P. meetings. A.A.R.P. approved Mr. Kobli's job description and changes in that description could not be made without the approval of A.A.R.P. Further, A.A.R.P. sent a "safety man" to talk with Mr. Schmoyer and the A.A.R.P. employees on that site. In addition, it set the maximum number of hours that an A.A.R.P. employee could work at 20 hours per week and limited the type of tasks which could be performed by A.A.R.P. employees. Finally, A.A.R.P. paid worker's compensation benefits to Mr. Kobli following the incident described above.

It is clear from the record before us that A.A.R.P. controlled, or had the right to control, Mr. Kobli not only with regard to his work but also with regard to the manner in which he performed it. As such, A.A.R.P. is entitled to immunity from tort liability pursuant to the Workmen's Compensation Act. Its

motion for summary judgment must therefore be granted.

In addition to our conclusion that A.A.R.P. was the statutory employer of Mr. Kobli, our review of the entire record has shown that there was no negligence on the part of A.A.R.P. from which liability could have been imposed upon it. We do not, however, reach the issue of collateral estoppel.

We turn to the motion for summary judgment set forth by the Y.M.C.A. Although we have concluded that A.A.R.P. is entitled to immunity as the statutory employer of Mr. Kobli, there is nothing in the record to indicate any negligence on the part of the Y.M.C.A. In fact, Mr. Kobli himself testified that he had climbed higher ladders before, that this ladder was fastened to the wall by metal studs, that the ladder was not loose, that it had appropriate handles to grip, and that he felt in "perfect shape" before he fell. No testimony has been offered to demonstrate that the ladder constituted a dangerous condition or unsafe equipment. In fact, the evidence was to the contrary, that the ladder was safely and properly fastened. While the Y.M.C.A. owed Mr. Kobli a duty to provide a safe work environment, we are unable to find any evidence whatsoever, to indicate that the Y.M.C.A. breached this duty. Plaintiff has failed to present any evidence which would support a finding of negligence on the part of the Y.M.C.A.; accordingly, the Y.M.C.A.'s motion for summary judgment must also be granted.

Wherefore, we enter the following

## ORDER

And now, this January 16, 1987, the motions for summary judgment filed by defendants A.A.R.P. and Y.M.C.A. of Allentown are granted and judgment is entered for defendants.