592 A.2d 774

**CHICHESTER SCHOOL DISTRICT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Nelson W. FOX and Department of Public Welfare), Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided May 31, 1991.

---

**8.** Because of our disposition of this case, we need not consider the other preliminary objections.

David L. White, Media, for petitioner.

Michael T. McGrath, for respondents.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Chichester School District (School District) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a decision and order of a referee that determined that the School District was responsible to pay workmen's compensation benefits to Nelson W. Fox (Fox). Fox worked for the School District as a condi-

tion precedent to his receiving public assistance from the Department of Public Welfare (DPW) in the amount of $329 per month; he was a participant in the work-fare program instituted at the time by DPW. (Referee's Decision, Finding of Fact 2.) The referee found that Fox completed and submitted an employment application that the School District required as a condition of employment. (*Id.,* F.F. 5.) He worked as a maintenance worker at various schools within the School District, receiving his assignments each day from School District employees, including the maintenance boss, and working with other School District employees; the work was heavy in nature. (*Id.,* F.F. 6–8.)

One day, while Fox was working at a school, he injured his lower back while lifting a rolled-up rug, which resulted in a hospital admission. (*Id.,* F.F. 11–12.) The lumbosacral sprain/strain that he suffered is now chronic, and the disc lesion is permanent; these injuries prevent his return as a maintenance worker. (*Id.,* F.F. 13–14.) Fox filed a workmen's compensation claim against the School District. The School District asserted that it was not the employer, and it denied the claim.

The referee concluded that Fox and the School District were bound by the provisions of The Pennsylvania Workmen's Compensation Act (Act);[1] that Fox was an employee of the School District; and that he suffered a disabling work-related injury while working for the School District. (*Id.,* Conclusions of Law 1–3.) The referee concluded further that the Claimant was entitled to use the monthly welfare benefits for the purpose of calculating an average weekly wage. (*Id.,* C.L. 4.) The referee ordered the School District and its workmen's compensation insurer to pay Fox's medical bills and to pay temporary total disability benefits into the indefinite future.[2] He also concluded that the School District lacked any factual or legal basis for

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.
2. The referee calculated an average weekly wage of $81.50, and he ordered payment of temporary total disability benefits at a rate of $106.66 per week.

denying the claim (*Id.*, C.L. 13) and he ordered the School District and its insurer to pay the litigation expenses of Fox's counsel and to pay the counsel's fee. On appeal, the Board affirmed the decision and order of the referee.

The questions presented by the School District here are (1) whether the Board or DPW had exclusive subject matter jurisdiction; (2) whether Fox was an employee of the School District or DPW; (3) whether welfare benefits may be used to determine an average weekly wage of a claimant; (4) if so, whether a claimant's later receipt of welfare benefits would discharge the employer's responsibility for workmen's compensation disability benefits; (5) whether the School District proved a reasonable basis for the contest; and (6) whether the referee violated the School District's due process rights by adopting verbatim Fox's proposed findings of fact, conclusions of law and order.

█ Our scope of review of an order of the Board is to determine whether constitutional rights were violated or an error of law was committed and whether the necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

█ The School District first notes that Fox was receiving public assistance benefits pursuant to Section 405.2 of the Public Welfare Code,[3] relating to the community work program.[4] Section 423(a) of the Public Welfare Code,[5] provides in part, "Each county board shall hear and determine appeals from actions of its employes affecting the rights of those applying for or receiving assistance." The School District asserts that because Fox was receiving assistance under the Public Welfare Code, "it would logical-

---

**3.** Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of April 8, 1982, P.L. 231, 62 P.S. § 405.2.

**4.** *See* 55 Pa.Code, Chapter 166, relating to employment and Community Work Experience Program.

**5.** 62 P.S. § 423(a).

ly follow" that Section 423(a) applies to this case. The Act applies to injuries sustained by an "employe", but the School District asserts that it is unclear whether Fox was its employee, and it invokes the principle that an administrative agency cannot exercise a doubtful power.

The record in this case reveals that Fox continued to receive welfare benefits after he became disabled and was no longer able to participate in the community work program. The School District has not referred to "any action by an employee" which would invoke the Public Welfare Code quoted above. The only issues in this case are Fox's right to workmen's compensation benefits and the identity of the party responsible to pay those benefits, which are matters within the exclusive jurisdiction of the Board.

On the question of whether Fox was an employee of the School District, both parties refer to the definition of "employe" in Section 104 of the Act,[6] which provides in part: "The term 'employe', as used in this act is declared to be synonymous with servant...."[7] The School District contends that the referee erred by relying on a document offered to establish that the School District agreed to provide workmen's compensation coverage. The School District objected to the document on hearsay grounds; Fox offered no corroborating evidence, and the referee did not admit it into evidence. On this point we agree, and we shall not consider the document.

█ The School District cites federal district court cases for the proposition that the existence of a master/servant relationship must be determined on a case-by-case basis with reference to four basic elements: (1) the right to select the employee; (2) the right and power to remove the employee; (3) the power to direct the manner of performance; and (4) the potential power to control the employee. *Mauk v. Wright*, 367 F.Supp. 961 (M.D.Pa.1973); *Joyce v. Super*

6. 77 P.S. § 22.

7. In complementary fashion, Section 103 of the Act, 77 P.S. § 21, provides: "The term 'employer,' as used in this act, is declared to be synonymous with master...."

*Fresh Food Markets, Inc.,* 640 F.Supp. 721 (E.D.Pa.1986), *rev'd,* 815 F.2d 943 (3d Cir.1987). Fox cites cases from this court expressing essentially the same standard. *Northern Central Bank and Trust Co. v. Workmen's Compensation Appeal Board (Kontz),* 88 Pa.Commonwealth Ct. 277, 489 A.2d 274 (1985); *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 469, 434 A.2d 228 (1981). The School District argues that the record evidence that DPW had the power to direct Fox to different work sites and to withhold his public assistance benefits if he failed to work two weeks out of every month indicates that DPW had the power to control Fox as an employee.

Fox notes that the School District required him to complete and submit an employment application before he could work there, and he points to the following uncontested findings of the referee as indicative of the School District's control:

7. The maintenance boss for the School District gave the Claimant the assignments he was to perform each day.

. . . .

9. Upon arriving at a school, claimant was told what to do and how to do it by employees of the School District, including the maintenance boss.

10. Upon completing a particular assignment, claimant was reassigned new work by employees of the School District, including the maintenance boss.

(Referee's Decision, F.F. 7, 9 and 10.) We agree with Fox that the findings demonstrate sufficient immediate control over the work to be done and the manner of performance, as well as a right to select and power to remove the employee, so as to lead to a conclusion that the School District was the employer.

At oral argument the School District cited the case of *County of Armstrong v. Workmen's Compensation Appeal Board (Ross and Borough of Kittanning),* 81 Pa.Commonwealth Ct. 474, 473 A.2d 755 (1984). In that case the

question was whether a worker in the federally funded Comprehensive Employment and Training Act (CETA) program was the employee of a county or of a borough for whom he actually worked. The county hired the worker, and it received and held the federal funds involved and paid the worker from those funds. The county also paid for workmen's compensation coverage with federal funds specifically provided for that purpose. The county directed the worker to work for the borough, where he worked under the supervision of the borough street commissioner; however, the county controlled the worker's holiday vacation schedule and retained the authority to fire him. This Court held that under the CETA program the body that receives and retains control of the federal funds and pays the workmen's compensation premiums is the employer for purposes of the Act.

The present case is different from *County of Armstrong* in several respects. Here DPW did not hire the worker; rather, it directed him to the School District to seek employment as a condition of continued receipt of his public assistance benefits. Further, the funds involved are not distributed in accordance with a federal statutory scheme that provides money specifically for DPW to pay for the workmen's compensation coverage. The School District notes that Section 405.2(b) of the Public Welfare Code specifies the number of hours that a claimant is required to work in order to continue to receive his cash assistance.[8] However, Section 405.2(f) expressly provides that the workmen's compensation premiums shall be the responsibility of the entity that provides the employment opportunity. In our view, the two situations are so distinct that *County of Armstrong* does not compel a conclusion that DPW rather than the School District, which controlled the work and the manner of performance, was the employer of Fox.

---

**8.** 62 P.S. § 405.2(b), which provides in part: "Such individual shall be required to work that number of hours which when multiplied by the applicable minimum wage equals the amount of cash assistance such person receives...."

■ The School District next contends that the cash assistance benefits that Fox received should not have been used to determine his average weekly wage. It notes that welfare benefits are not mentioned in Section 309(e) of the Act,[9] which lists items such as board, lodging and gratuities as being included within the definition of "average weekly wage" and "total wages". Further, because a participant in the Community Work Experience Program continues to receive welfare benefits if he becomes unable to work for those benefits, the School District asserts that such benefits are not wages.

As Fox notes, before he became disabled his right to receive the welfare benefits involved was conditioned on his working. The short answer to the School District's position is that for so long as Fox was compelled to work in order to receive the benefits in question, it was entirely appropriate to consider those benefits as wages.

■ If the welfare benefits that Fox received are to be regarded as wages, then the School District claims that its responsibility for payment of compensation ended when the Claimant moved to Delaware and began receiving $349 per month in welfare benefits there. Section 306(b) of the Act,[10] relating to schedule of compensation for partial disability, concludes with the proviso that "in no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in employment similar to that in which the injured employe was engaged at the time of the injury." The School District says Fox's receipt of $349 per month from Delaware is in excess of his pre-injury benefits of $329 per month, and the School District's responsibility to pay compensation should be suspended under Section 306(b). As noted above, however, when Fox ceased to be able to work for his welfare benefits, those benefits ceased to be wages for workmen's compensation purposes. The School District has made no allegation or showing that Fox was

9. 77 P.S. § 582(e).
10. 77 P.S. § 512.

required to work or was able to work in order to receive the welfare benefits from Delaware. As this court has held, for workmen's compensation purposes, the term "disability" is synonymous with "loss of earning power", and "earning power" is the ability to earn money, that is, the capacity to perform an occupation or to obtain remunerative employment. *Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Smith)*, 70 Pa.Commonwealth Ct. 100, 103, 452 A.2d 611, 612 (1982).

Further, Section 204 of the Act[11] provides in part:

The receipt of benefits from any association, society, *or fund* shall not bar the recovery of damages by action at law, *nor the recovery of compensation under article three hereof* ...; Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108 [77 P.S. § 27.1, relating to occupational diseases]. (Emphasis added.)

In *Wheeling–Pittsburgh Steel Corp.* this Court held that the claimant's receipt of pension benefits did not affect his recovery of workmen's compensation benefits. Because the welfare benefits that Fox received after his injury were not wages, they do not affect his entitlement to workmen's compensation benefits. Fox may be required to reimburse authorities in Pennsylvania and Delaware for some of the welfare benefits he received, in view of his entitlement to workmen's compensation, but the unearned welfare benefits do not limit the responsibility of the employer to pay workmen's compensation disability benefits.

■ The School District contends that the referee's verbatim adoption of the proposed findings of fact and conclusions of law of Fox "creates an inference" that the referee did not carefully review the record in reaching his decision, and violated the School District's rights to due process of law. This Court has held that the adoption of proposed findings of fact does not make the referee's decision flawed

11. 77 P.S. § 71.

so long as there is substantial evidence of record to support the findings. *Township of Haverford v. Workmen's Compensation Appeal Board (Angstadt),* 118 Pa.Commonwealth Ct. 467, 545 A.2d 971 (1988). Having concluded that there was ample support in the record for the referee's findings, except with regard to the document noted above, we conclude that the referee properly exercised his fact-finding function.

Finally, the School District argues that the referee and the Board erred by concluding that the School District lacked a reasonable basis for the contest of this claim and in awarding attorney's fees against the School District pursuant to Section 440 of the Act.[12] We agree that the School District's much later developed medical and surveillance evidence relating to an alleged recovery (expressly found unpersuasive by the referee) was irrelevant to the question of the reasonableness of the original denial of the claim. As the School District notes, however, we have held that where the status of the law is uncertain at the time of the hearing before the referee, the defendant established a reasonable basis for the contest. *House Moving and Industrial Rigging, Inc. v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 21, 391 A.2d 1105 (1978). In view of the novel question presented concerning whether the welfare benefits received by Fox pursuant to the Community Work Experience Program were to be considered wages for purposes of workmen's compensation, we shall reverse the Board on this point.

### ORDER

NOW, May 31, 1991, the order of the Workmen's Compensation Appeal Board, dated March 30, 1990, at No. A89-875, is reversed insofar as the Board awarded attorney's fees to the claimant, Nelson W. Fox. In all other respects the order of the Board is affirmed.

---

12. Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.